MUNICIPALITY OF GUAYANILLA, Plaintiff and Appellant, *v.* PUBLIC SERVICE COMMISSION OF PUERTO RICO, Defendant and Appellee; JESÚS STELLA RODRÍGUEZ, Intervener and Appellee.

No. 7509. Argued April 19, 1937.—Decided April 23, 1937.

*Ismael Soldevila* and *Pedro M. Porrata* for appellant. *Leopoldo Tormes García* for intervener-appellee. *B. Fernández García,. Attorney General,* and *T. Torres Pérez, Assistant Attorney General,* for the appellee Public Service Commission.

Mr. Chief Justice Del Toro delivered the opinion of the court.

The intervener and appellee has requested the dismissal of the appeal taken by the plaintiff in this case the Municipality of Guayanilla, on the ground that the transcript of the evidence was not filed within the period prescribed by law. The municipality objected, claiming that there is pending approval in the lower court of a transcript of the evidence prepared to perfect its appeal, and hence that the period prescribed by law for the filing of the record in this court had not commenced to run; and requesting also, in case this court should decide that a transcript of the evidence was not proper, that in consideration of the reasons it stated, it be granted a new period to file a transcript of the record with the clerk of this court.

This is an appeal from an order of the Public Service Commission, taken by the Municipality of Guayanilla to the District Court of San Juan, and which was decided against the municipality by a judgment of February 16, 1937, from which said municipality appealed to this Supreme Court.

If the record was ready to be certified and sent to this court when the appeal was taken, appellee would be correct

in maintaining that the period prescribed by law—thirty days—had expired without the transcript being filed, and the dismissal of the appeal on that ground would be proper unless the new term requested should be granted.

If a transcript of the evidence is being validly prepared in the lower court to perfect the appeal, then the appellant municipality is right.

Section 90 of the Public Service Act of 1917 (Session Laws, vol. II, p. 432) provides:

"Section 90.—*Appeals to Supreme Court.*—Any party to the record aggrieved by the final judgment, order or decree of the aforesaid court may appeal therefrom to the Supreme Court. Such appeal shall be taken and prosecuted in the same manner and form as is provided in other cases of appeal to the Supreme Court."

Let us examine the nature of the proceeding in the district court. The act calls it an "appeal." By its section 78 it provides that: "Within thirty days after the filing of any finding or determination by the commission, . . . any party to the proceedings affected thereby may appeal therefrom to the District Court of San Juan, . . ." And the Supreme Court of the United States in the case of *Commission* v. *Havemeyer*, 296 U. S. 506, 519, has declared that said appeal is in the nature of a suit to have the order adjudged invalid.

The petition for appeal constitutes the complaint and in it the errors assigned to the finding, determination, or order of the commission must be specifically and concisely set forth.

After the commission has been notified of the appeal, and within thirty days thereof, it shall certify the record which will be composed of the testimony taken, the findings of fact, if any, orders and opinion, and it shall file its answer. Any other interested party may intervene in the proceedings with leave of court.

No new evidence shall be admitted by the district court. The evidence which is to serve as a basis for the decision of

the court will be that certified to by the commission, and the orders of the commission constitute *prima facie* evidence of the reasonableness thereof, the burden of proving the contrary shall be upon the appellant.

From the foregoing summary of the provisions which are set forth in detail in sections 78 to 89 of said act, we conclude that the decision of the district court from which an appeal is taken to this Supreme Court is rendered on the basis of the merits of the original pleadings filed in the court and of the documents presented and the evidence taken before the commission and of its orders, which are sent to the court certified to by the commission itself.

That being so, everything was duly authenticated in the district court when the latter decided the appeal and, therefore, ready to be transcribed and sent up to this Supreme Court within the period of thirty days fixed by section 299 of the Code of Civil Procedure in its last paragraph, without the necessity of resorting to the stenographer to prepare the transcript of the evidence in accordance with the special law on the subject approved on November 27, 1917 (Act No. 27, Session Laws, vol. II, p. 274, Code of Civil Procedure (1933 ed., p. 285).

However, as there is involved a term which may be extended, and as the law is a new one and the time elapsed short and appellant has proved its diligence, we think that we must exercise our discretion by granting to it the new term requested to file with the clerk of this Supreme Court the record certified to by the clerk of the district court or by the attorneys for the parties, including of course the record certified to by the commission.